The decision below is hereby signed.  Dated:
December 11, 2006.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
EARTHAMAE ISAAC,                   )   Case No. 06-00172
                                   )   (Chapter 7)
            Debtor.                )

## DECISION RE CONVERTING CASE TO CHAPTER 13

The chapter 7 trustee has opposed the debtor's motion to convert this case to chapter 13.  The court heard the motion on December 11, 2006, and issued an oral decision granting the motion, subject to the case being re-converted to chapter 7 should the debtor's mortgagee obtain relief from the automatic stay.

The debtor has asserted that if this case is converted to chapter 13, she will be able in a chapter 13 case to address both the prepetition and postpetition/preconversion arrears owed her mortgagee.  The debtor pointed to 11 U.S.C. § 348(d) as one basis for her being allowed as a matter of law to treat postpetition/preconverson arrears as part of the arrears to be cured under a plan.  Section 348(d) provides for

postpetition/preconversion claims to be treated as prepetition claims upon a conversion pursuant to 11 U.S.C. §§ 1112, 1208, or 1307, but § 348(d) does not apply to a conversion of a case from chapter 7 to chapter 13.

The debtor alternatively stated that the mortgagee could elect to have the postpetition/preconversion mortgage arrears provided for by a plan.  If that occurs, and the debtor carries out her intention to rent out her larger spare room for $1,000 per month, a chapter 13 plan addressing those and the prepetition arrears would be feasible for reasons detailed by the court in its oral decision at the hearing of December 11, 2006.  The court cannot say that the debtor is proceeding in bad faith in seeking to convert to chapter 13 to make that attempt.

There is no guarantee that the mortgagee would consent to such treatment, and, if it does not, it is likely the court would hold, in the context of the mortgagee's pending motion for relief from the automatic stay, that the postpetition/preconversion arrears may *not* be cured via her chapter 13 plan.  It appears unlikely that the debtor could cure her postpetition mortgage arrears pursuant to the typical chapter 13 order conditioning the automatic stay that the court enters to address postpetition defaults on a debtor's home mortgage.  Pursuant to that type of order, the debtor is granted only a brief period to bring her postpetition home mortgage defaults current, and not the usual 36

or more months that a chapter 13 plan would entail.

Should the court grant the motion for relief from the automatic stay because the mortgagee will not consent to having the debtor cure postpetition defaults under a chapter 13 plan, and because the debtor is unable to bring the postpetition defaults current within a short period of time, then the interests of unsecured creditors and administrative claimants would dictate that this case be re-converted to chapter 7.  The court will convert the case to chapter 13, but should the court grant relief from the automatic stay in favor of the debtor's mortgagee, the court will, without the necessity of further motion, immediately re-convert this case to chapter 7 in order that the chapter 7 trustee may continue his efforts to sell the debtor's real property for the benefit of unsecured creditors and administrative claimants.

An order follows.

                              [Signed and dated above.]

Copies to: Debtor; Debtor's Attorney; all entities on BNC mailing list; Cynthia A. Niklas; Office of U.S. Trustee.